UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TWAIN CLEMANS,<br><br>                            Petitioner,<br><br>v.<br><br>UNNAMED,<br><br>                            Respondent. | Case No.:  16cv0168 GPC (NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  <u>See</u> Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than <u>March 28, 2016</u>,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial

1 remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).
2 To exhaust state judicial remedies, a California state prisoner must present the California
3 Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or
4 her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.
5 Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>,
6 how one or more of his or her federal rights have been violated.  The Supreme Court in
7 *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the
8 opportunity to correct alleged violations of prisoners' federal rights, they must surely be
9 alerted to the fact that the prisoners are asserting claims <u>under the United States
10 Constitution</u>." *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner
11 wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due
12 process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not
13 only in federal court, but in state court." *Id.* at 366 (emphasis added).

14       Nowhere on the Petition does Petitioner allege that he raised his claims in the
15 California Supreme Court.  In fact, he specifically indicates he did not seek review in the
16 California Supreme Court.  (*See* Pet. at 5.)  If Petitioner has raised his claims in the
17 California Supreme Court he must so specify.  "The burden of proving that a claim has
18 been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.
19 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998);  *Lambert v. Blackwell*,
20 134 F.3d 506, 513 (3d Cir. 1997);  *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir.
21 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

22       Further, the Court cautions Petitioner that under the Antiterrorism and Effective
23 Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a
24 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a
25 State court.  The limitation period shall run from the latest of:

26       (A) the date on which the judgment became final by the
27       conclusion of direct review or the expiration of the time for
      seeking such review;
28

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the

Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that he is entitled to resentencing under California law. (Pet. at 7.) In no way does Petitioner specifically claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

## FAILURE TO NAME A PROPER RESPONDENT

Finally, Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of

the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a respondent which the judgment which he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a respondent in this action. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the correctional facility in which he is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

## CONCLUSION

For the forgoing reasons, the Petition is **DISMISSED** without prejudice. In order to have this case reopened, Petitioner must (1) either pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which cures the pleading deficiencies discussed above, **<u>no later than March 28, 2016</u>**. For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis application and a blank First Amended Petition form.

**IT IS SO ORDERED.**

Dated: February 1, 2016

Hon. Gonzalo P. Curiel
United States District Judge